IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BARRY D. MATHIAS,        ) | |
| Plaintiff,        ) | |
| v.        ) | No. 16-1091 |
| PAUL THOMAS, ET AL.,        ) | |
| Defendants.        ) | |

**ORDER GRANTING JUDGMENT ON THE PLEADINGS**

This is a prisoner's rights case. Plaintiff Barry D. Mathias brings a First Amendment retaliation claim against Defendant Heather Cotham under 42 U.S.C. § 1983. (ECF No. 32.) Before the Court is Cotham's Motion for Judgment on the Pleadings (ECF No. 67.) For the following reasons, the Defendant's Motion is GRANTED.

**I.   Background**

The facts are taken from Mathias' Second Amended Complaint. (ECF No. 32.)

On February 9, 2016, Mathias was arrested and brought to the Gibson County Correctional Complex (GCCC) in Trenton, Tennessee. (Id. p. 4.) Mathias suffers from acid reflux and brought three bottles of Nexium with him. (Id.) He was denied

his Nexium for two days although the medication is allowed under GCCC policy. (Id.) He suffered severe pain because of that denial. (Id.) On March 11, 2016, Mathias was again denied his Nexium. (Id. p. 5.) He received a substitute medicine on the evening of March 12, 2016, after several requests. (Id.) By that point, Mathias was in severe pain and had vomited. (Id.) On May 5, 2016, Mathias filed a complaint in this Court alleging, inter alia, violations of his constitutional rights because of the denial of his Nexium. (ECF No. 1.)

On December 16, 2016, Mathias was released from GCCC custody. (See ECF No. 22.) On March 8, 2017, Mathias was arrested and brought back to the GCCC to await trial. (ECF No. 32 p. 8.) He forgot his Nexium and filed a written request that he be sent the medication. (Id.) On March 9, 2017, he asked Cotham, the jail nurse, for his medicine. (Id.) Mathias told her to check his prior records to confirm that he needed it twice a day. (Id.) He saw Cotham again on March 10 and asked for the medicine. (Id. p. 9.)

On March 13, 2017, Cotham told Mathias that she would get the medicine, but that the request would first have to be approved. (Id. p. 10.) On March 14, 2017, Cotham told Mathias that the medicine had been ordered and that he could request tums as a substitute in the meantime. (Id. p. 11.)

On March 14 or 15, 2017, Mathias told Cotham that his sister would bring him Seroquel, a medicine that treats bipolar disorder.  (Id. p. 12.)  His sister delivered the medicine on March 16.  (Id.)  The same day, Cotham told Mathias that "things had changed at the jail" and that he might have problems getting his medication.  (Id. p. 12.)  On March 22, 2017, Mathias had not received his Seroquel and wrote to Cotham asking for it. (Id.)  Cotham responded that he would have to go through GCCC medical channels to initiate treatment and request Seroquel. (Id. p. 14.)  She also said that the prescription was filled in January with instructions to take daily, but only 10 pills had been taken, which suggested that Mathias was not complying with the prescription.  (Id.)  Mathias says Cotham was "real short in talking to" him, and he "figured she was mad at [him] because of what [he] had said to her about his stomach medicine."  (Id. p. 12.)  Mathias alleges other inmates were on Seroquel.  (Id. p. 18.)  He then wrote a letter to Cotham telling her he would file a lawsuit if he did not receive his medication.  (Id.)  Later that day, he received the Seroquel.  (Id.)

On May 10, 2017, Mathias filed his Second Amended Complaint and added Cotham as a defendant.  (ECF No. 32.)  He argues that Cotham withheld his Seroquel in retaliation for filing grievances related to his Nexium, in violation of his First Amendment rights.  On February 11, 2020, Cotham filed a Motion for Judgment

on the Pleadings.   (ECF No. 67.)   She argues that Mathias has not stated a plausible First Amendment retaliation claim and that she is shielded by qualified immunity.   (Id.)

## II.   Standard of Review

The standard of review for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6).   EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2001) (citing Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998)).

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."   Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)).   A motion to dismiss is designed to test whether the plaintiff has pled a cognizable claim and allows the Court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery.   See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

When evaluating a motion to dismiss for failure to state a claim, a court must determine whether the complaint alleges

4

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Ass'n Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## III. Analysis

To survive Cotham's Motion, Mathias must allege facts that plausibly state a First Amendment retaliation claim and that Cotham is not shielded by qualified immunity.

### First Amendment Retaliation Claim

To state a First Amendment retaliation claim, Mathias must plausibly allege that: (1) he engaged in protected conduct; (2) Cotham took an adverse action that would deter a person of ordinary firmness from continuing to engage in the conduct; and (3) the adverse action was motivated at least in part by Mathias'

5

protected conduct.  See Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

Mathias has alleged protected conduct.  "Prisoners retain the constitutional right to petition the government for the redress of grievances." Turner v. Safley, 482 U.S. 78, 84 (1987) (citing Johnson v. Avery, 393 U.S. 483 (1969)).  That right extends to oral grievances.  See Maben v. Thelen, 887 F.3d 252, 264 (6th Cir. 2018);  Mack v. Warden Loretto FCI, 839 F.3d 286, 299 (3d Cir. 2016).  Grievances are constitutionally protected so long as they are not frivolous or de minimis.  See Maben, 887 F.3d at 264.  A grievance is frivolous if the underlying complaint has no adverse impact on the prisoner.  Thaddeus-X v. Love, 2000 WL 712354, at *2-3 (6th Cir. May 22, 2000).

Mathias filed written and oral grievances with Cotham about his Nexium.  The lack of medication led Mathias to vomit.  The grievances were not frivolous and are constitutionally protected conduct.

Mathias must show that Cotham took an adverse action against him.  He alleges that Cotham did not provide his Seroquel.  Her stated reason was that GCCC policy required Mathias to initiate mental health treatment through GCCC channels.  Cotham also suggested that Mathias was not taking the required amount of Seroquel in compliance with the prescription.  Mathias believes

Cotham "intentionally made up a reason to deny [his] medication," and that he knew of other inmates who took Seroquel.

The alleged facts do not plausibly state that Cotham took an adverse action against Mathias.  That Cotham "intentionally made up a reason to deny" Mathias' medication is a conclusory allegation.  The bald assertion that other inmates took Seroquel does not contradict Cotham's statement that GCCC policy required Mathias to request mental treatment to receive Seroquel. Mathias' allegations do not lead to the reasonable inference that Cotham took an adverse action against Mathias that would deter a person of ordinary firmness from continuing to file constitutionally-protected grievances.

Even if Mathias had alleged facts that plausibly state adverse action, he has not alleged a causal connection between his grievances for Nexium and the adverse act.  The allegations show that Cotham fulfilled Mathias' requests for Nexium.  She did not give him Seroquel because of GCCC policy.  That Mathias thought Cotham was "real short talking to" him is not enough to reasonably infer that Cotham deliberately withheld his medicine in retaliation for Mathias' previously filed grievances.

For the foregoing reasons, Cotham's Motion for Judgment on the Pleadings is GRANTED.

So Ordered this 25th day of February, 2022

_/s/ Samuel H. Mays, Jr._

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE