```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| **BARRY D. MATHIAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 16-1091 |
| | ) | |
| **PAUL THOMAS, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

This is a prisoner's rights case. Plaintiff Barry D. Mathias brings a First Amendment retaliation claim against Defendant David Saffell under 42 U.S.C. § 1983. (ECF No. 32.) Before the Court is Saffell's Motion for Summary Judgment. (ECF No. 80.) For the following reasons, the Motion is GRANTED.

## I. Background

The following facts are undisputed.

Mathias entered the custody of the Gibson County Correctional Complex ("GCCC") on February 9, 2016. On May 5, 2016, Mathias' complaint alleges constitutional violations stemming from his confinement at the GCCC. (ECF No. 1.) On July 11, 2016, Saffell, GCCC Administrative Corporal, brought a disciplinary charge against Mathias after finding a rip across

Mathias' mattress. Saffell requested restitution of $55.00. On July 11, 2016, the GCCC disciplinary board dismissed the charge against Mathias for lack of proof that the mattress had not been damaged before Mathias received it.

On March 17, 2017, Mathias amended his complaint. (ECF No. 26.) On May 10, 2017, Mathias amended his complaint for a second time. (ECF No. 32.) The Second Amended Complaint included a retaliation claim against Saffell. (Id.) Mathias alleges that Saffell retaliated against him for filing the original lawsuit by charging Mathias with a false disciplinary violation on July 11, 2016. (Id.) On February 1, 2019, the Court screened Mathias' Second Amended Complaint and dismissed all claims against Saffell except the retaliation claim. (ECF No. 43.)

On June 13, 2020, Saffell filed a Motion for Summary Judgment. (ECF No. 80.) He argues that Mathias has not exhausted his administrative remedies and that he is shielded by qualified immunity. (Id.) On June 27, 2020, Mathias opposed the Motion. (ECF No. 81.)

**II.  Standard of Review**

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by showing

the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(1); Asbury v. Teodosio, 412 F. App'x 786, 791 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A genuine dispute exists when the plaintiff presents significant probative evidence on which a reasonable jury could return a verdict for her." EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quotation marks omitted). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Adcor Indus., Inc. v. Bevcorp, LLC, 252 F. App'x 55, 61 (6th Cir. 2007) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Beckett v. Ford, 384 F. App'x 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324). Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in his favor. Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000); see Fed. R. Civ. P. 56(c)(1). The Court does not have

the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

### III. Analysis

#### Exhaustion

Under the Prison Litigation Reform Act (the "PLRA"), "No action shall be brought with respect to prison conditions under [section 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The exhaustion requirement applies to a prisoner's First Amendment retaliation claims. See Burton v. Jones, 321 F.3d 569, 577 (6th Cir. 2003), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007). To properly exhaust a claim under

4

the PLRA, a plaintiff must comply with prison grievance procedures. Bock, 549 U.S. at 922-23 (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006). The prison's requirements, not the PLRA, define the boundaries of exhaustion. Id. at 923.

It is undisputed that the GCCC had a grievance procedure providing that prisoners could submit grievances and requests through the prison kiosk system. (ECF No. 81-8.) Mathias has used this process to file more than 150 grievances. (Id.) GCCC Chief Deputy Danny Lewis has reviewed all of Mathias' grievances during his incarceration at the GCCC and has found no grievance claiming retaliation by Saffell. (ECF No. 80-4 ¶ 12.) Mathias has not provided evidence that he filed a retaliation grievance against Saffell. He has attached a partial list of his filed grievances, none of which is a retaliation grievance. (ECF No. 81-14.)

Because Mathias did not file a grievance, he has not complied with the GCCC grievance policy and has not exhausted his remedies under the PLRA. Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED this 25th day of February, 2022.

                                */s/ Samuel H. Mays, Jr.*
                                SAMUEL H. MAYS, JR.
                                UNITED STATES DISTRICT JUDGE